IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AUG 25 2011

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | | |
|---|---|---|
| SUNTRUST MORTGAGE, INC.,<br>a Virginia Corporation | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 3:11cv565 |
| LCMG, INC., d/b/a MORTGAGE MAKERS,<br>a South Carolina Corporation | ) ) ) | |
| Serve: | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, SunTrust Mortgage, Inc. ("SunTrust"), by counsel, states the following for its Complaint against LCMG, Inc., d/b/a Mortgage Makers, a South Carolina Corporation ("Mortgage Makers"):

### PARTIES

1.     SunTrust is a Virginia corporation with its principal place of business located in Richmond, Virginia.

2.     Mortgage Makers is a South Carolina corporation with its principal place of business located in Lexington, South Carolina.

### JURISDICTION AND VENUE

3.     Jurisdiction is proper under 28 U.S.C. § 1332(a) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      Jurisdiction and venue are proper in this Court because the parties entered into a

Mortgage Broker Agreement, dated September 20, 2005 (the "Agreement"), that contains a

forum selection clause recognizing, for the purpose of any action to enforce the Agreement, that

Mortgage Makers submits to personal jurisdiction in the Commonwealth of Virginia and venue

in this Court. This is an action to enforce the Agreement. A copy of the Agreement is attached

as Exhibit 1.

## FACTUAL BACKGROUND

### The Mortgage Broker Agreement

5.      On or about September 20, 2005, SunTrust and Mortgage Makers entered into the

Agreement pursuant to which Mortgage Makers agreed to originate, process and broker

mortgage loans to SunTrust.  The loans were to be closed in the name of SunTrust with

SunTrust's own funds in accordance with and subject to the terms and conditions of the

Agreement and SunTrust's requirements.

6.      For each mortgage loan originated, processed and brokered by Mortgage Makers

to SunTrust under the Agreement, Mortgage Makers represented and warranted that:

9.1.    Eligibility.  Broker has originated, processed and brokered each Mortgage
        Loan in full compliance with this Agreement and Lender's requirements.
. . .

9.5     Accuracy of Application and Related Documentation.  All information
        contained in each Application, the Loan Application Package and other
        documentation submitted to Lender in connection with the Mortgage
        Loan, including all signatures thereon, is genuine, complete and accurate;
        no such documentation has been in any manner changed or modified after
        its execution; no fraudulent or misleading information (including, without
        limitation, any information obtained from or concerning the Borrower or
        the Secured Property, any credit report regarding the Borrower, or any
        appraisal report regarding the Secured Property) has been provided to
        Lender in connection with the Mortgage Loan; Broker is not aware of any
        information that would contradict or render inaccurate any documentation
        submitted to Lender in connection with the Mortgage Loan; and Broker is

2

not aware of any omissions in the Application, Loan Application Package or other documentation submitted to Lender in connection with the Mortgage Loan that would render the same incomplete or inaccurate. Each Applicant and Borrower is alive, is of majority age or older and has the legal capacity to apply for and enter into a Mortgage Loan.

. . .

9.6     Acceptable Investment.  There are no circumstances or conditions with respect to the Mortgage Loan, the Secured Property, the Borrower, or the Borrower's credit standing that can reasonably be expected to: (a) cause private institutional investors to regard the Mortgage Loan as an unacceptable investment; or (b) cause the Mortgage Loan to become Delinquent; or (c) adversely affect the Mortgage Loan's value or marketability.

7.      Under the terms of the Agreement, Mortgage Makers agreed to repurchase specific loans in the event of default:

13.     Purchase Requirement.  In addition to any other rights and remedies which Lender may have against Broker under this Agreement or applicable law, if any of the Events of Default described in Sections 12.1, 12.2, 12.3, 12.4, or 12.5 of this Agreement shall have occurred with respect to any Mortgage Loan brokered by Broker to Lender hereunder, Broker agrees to purchase such Mortgage Loan (or, if the Mortgage Loan has been foreclosed upon, to purchase the Secured Property if it is still held by Lender) within 10 calendar days  after Lender's demand.  Broker's purchase obligation under this Section 13 shall survive any of the events described in Section 11 of this Agreement.  Broker's obligation to purchase Mortgage Loans under this Section 13 shall be in addition to, and not in replacement of, Broker's obligation to purchase Mortgage Loans under any other provision of this Agreement or applicable law.  In the event Broker is obligated to purchase a Mortgage Loan under this Section 13, the purchase price shall be the unpaid principal balance of the Mortgage Loan plus (a) any mortgage broker fees that Broker has received from Lender in connection with the Mortgage Loan transaction, (b) all accrued interest through and including the date of purchase, and (c) reimbursement to Lender for any expenses or court costs incurred in connection with the sale of such Mortgage Loan to Broker or investigating or researching the circumstances surrounding the Mortgage Loan or enforcing such purchase including, without limitation, attorney's fees or other professional fees.  Lender shall have the right to offset the amount owed by Broker to Lender pursuant to this Section 13 at any time, without prior notice, against any balances, credits, deposits, accounts or monies of

Broker then or thereafter held by Lender or amounts owed by Lender to Broker.

. . .

12.3   <u>False or Misleading Statements</u>.  Any information submitted by Broker or any statement, report or document furnished by Broker to Lender hereunder was incomplete, inaccurate, false, or misleading in any material respect when made or delivered, regardless of whether Broker had or should have had knowledge of the same at the time. This includes, without limitation, any information contained in any Application or other documentation relating to an Application or a Mortgage Loan submitted by any Borrower.

. . .

12.4   <u>Failure to Comply with Other Terms or Conditions</u>.  Broker's failure to comply with any other term or condition of this Agreement or any requirement of Lender.

8.   Mortgage Makers also agreed to indemnify SunTrust for its losses in certain situations:

15.   <u>Indemnity</u>.  Broker hereby agrees to indemnify, defend and hold harmless Lender and its successors, affiliates, and assigns, together with their respective officers, directors, employees and agents (collectively, the "Indemnitees"), from and against any and all claims, losses, damages, fines, penalties, forfeitures, attorney's fees, judgments and any costs, court costs, fees and expenses relating to, arising out of, based upon, or resulting from (a) a breach by Broker of any representation, warranty, term, condition or obligation contained in or made pursuant to this Agreement or elsewhere, (b) a failure by Broker to disclose any information that renders any such representation or warranty misleading or inaccurate, (c) any materially inaccurate, incomplete, false, or misleading information provided by or through Broker to Lender, (d) any misrepresentation made by or through Broker to Lender concerning any Mortgage Loan, or (e) Broker's ownership of or actions with respect to any Mortgage Loan. This Section 15 shall survive any purchase, sale or transfer of any Mortgage Loan or any interest therein by any of the Indemnitees, the foreclosure or liquidation of the Mortgage Loan, and any termination of this Agreement.

### The Morell Loan

9.      On or about April 10, 2007, Joseph I. Morell, Jr. ("Morell") purchased the real property located at 109 Chason Hill Court, Lexington, South Carolina 29073 (the "Morell Property").

10.     In order to purchase the Morell Property, Morell obtained a mortgage loan through Mortgage Makers in the amount of $164,250.00, which was secured by a mortgage on the Property (the "Morell Loan").  Mortgage Makers processed, originated, and brokered the Morell Loan to SunTrust.

11.     SunTrust subsequently sold the Morell Loan to the Federal National Mortgage Association ("Fannie Mae").

12.     On or about January 7, 2010, Fannie Mae notified SunTrust of its obligation to repurchase the Morell Loan due to inadequate documentation of assets and misrepresentation of income.

13.     SunTrust's investigation of the Loan revealed that Morell made false statements in his loan application.

14.     In his application, Morell stated that he earned a monthly income of $11,206.00 as Director of Operations for Wireless Etc.  However, SunTrust's investigation of the Morell Loan determined that Morell, in an October 2008 filing with the United States Bankruptcy Court for the District of South Carolina, stated under penalty of perjury that his annual income for this period was only $25,000.00, or approximately $2,083.00 per month.

15.     In brokering the Morell Loan to SunTrust, Mortgage Makers provided SunTrust with a Verification of Deposit reflecting available assets of $12,753.89 in Morell's business

account with the South Carolina State Credit Union. However, SunTrust's investigation of the Morell Loan found that the actual balance in this account at the time was only $2,668.56.

16.     SunTrust's investigation indicated that Morell was obligated on a $52,514.00 automobile loan, entered into in March 2007, that was not disclosed to SunTrust. This loan represented a material difference in Morell's financial circumstances, which would have prevented Morell from qualifying for the Morell Loan. Furthermore, Morell was required by law to disclose this loan on his Uniform Residential Loan Application but failed to do so, thereby making a material false misrepresentation of his financial condition to obtain the Morell Loan. At the time of SunTrust's review of Morell's loan application, Morell's credit report did not yet reflect this loan and SunTrust was otherwise unaware of the loan.

17.     Based on the foregoing misrepresentations and omissions on Morell's Uniform Residential Loan Application, SunTrust determined that the Morell Loan was made based on false, misleading, and incomplete information and that Mortgage Makers had failed to ensure that the Morell Loan constituted an acceptable investment. As a result, SunTrust's losses associated with the repurchase of the Morell Loan are eligible for indemnification by Mortgage Makers under Section 15 of the Agreement, or, alternatively, SunTrust has grounds to require repurchase of the Morell Loan by Mortgage Makers under Section 13 of the Agreement.

18.     On or about April 20, 2010, SunTrust repurchased the Morell Loan for $218,004.90 as required by Fannie Mac.

19.     By letter dated March 21, 2011, and in accordance with Sections 13, 12.3, and 12.4 of the Agreement, SunTrust – through its counsel – requested that Mortgage Makers repurchase the Morell Loan. To date, Mortgage Makers has failed to repurchase the Morell Loan.

20.     As of August 1, 2011, SunTrust had incurred losses related to the Morell Loan totaling $218,374.41. This figure represents the outstanding principal balance; accrued but unpaid interest; and advances for property valuation, preservation and maintenance, utilities, and insurance.

## COUNT I: BREACH OF CONTRACT

21.     SunTrust incorporates the allegations set forth in paragraphs 1 through 20 above as if set forth fully herein.

22.     The parties' Agreement required Mortgage Makers, in originating, processing, and brokering the Morell Loan to SunTrust, to represent and warrant that the Loan and its related documentation were "genuine, complete and accurate" and contained "no fraudulent or misleading information," and that there were no circumstances or conditions that would render the Loan "an unacceptable investment" or "adversely affect [its] value or marketability."

23.     SunTrust's review of the Morell Loan revealed that Mortgage Makers had breached its obligations under the Agreement by originating, processing, and brokering to SunTrust a Loan that contained inaccurate, fraudulent or misleading information. As a result, SunTrust's loss, which was incurred as a result of the repurchase of the Morell Loan, is eligible for indemnification under Sections 9.1, 9.5, 9.6, and 15 of the Agreement.

24.     Specifically, Section 15 of the Agreement requires Mortgage Makers to indemnify SunTrust "from and against any and all claims, losses, damages, fines, penalties, forfeitures, attorney's fees, judgments and any costs, court costs, fees and expenses relating to, arising out of, based upon, or resulting from" a breach of presentation or warranty; a failure to disclose information rendering such presentation or warranty "misleading or inaccurate";

"materially inaccurate, incomplete, false, or misleading information"; or "any misrepresentation made by or through" Mortgage Makers to SunTrust.

25.     As a result of Mortgage Makers' breach of the Agreement, SunTrust has been damaged to date in the amount of $218,374.41, plus accrued interest since the date of SunTrust's repurchase of the Morell Loan, reflecting losses incurred from the non-performance of the Morell Loan, together with all costs and attorney's fees associated with SunTrust's enforcement of its rights under the Agreement.

WHEREFORE, SunTrust Mortgage, Inc., by counsel, respectfully requests that the Court enter judgment and award damages against Mortgage Makers in the amount of $218,374.41, together with repayment of any mortgage broker fees received from SunTrust in connection with the Loan, all costs and attorney's fees associated with SunTrust's enforcement of its rights under the Agreement, pre-judgment and post-judgment interest, and such other relief as the Court deems just and proper.

## COUNT II: BREACH OF CONTRACT (ALTERNATIVE)

26.     SunTrust hereby repeats and incorporates the allegations set forth in paragraphs 1 through 20 above as if set forth fully herein.

27.     The parties' Agreement required Mortgage Makers to purchase the Morell Loan within 10 calendar days of demand by SunTrust should any Event of Default, as described under the Agreement, occur.

28.     SunTrust's review of the Morell Loan revealed that Mortgage Makers was obligated to purchase the Morell Loan based on the incomplete, inaccurate, fraudulent or

misleading information included in the Loan, as well as a failure to comply with other terms and conditions of the Agreement.

29.     As a result of the occurrence of these Events of Default, Mortgage Makers is obligated to purchase the Morell Loan at the price of $218,374.41, together with repayment of any mortgage broker fees received from SunTrust in connection with the Loan, payment of accrued interest through and including the date of purchase, and reimbursement to SunTrust for all expenses or costs incurred in connection with investigating the Loan and enforcing its purchase, including attorney's fees.

WHEREFORE, SunTrust Mortgage, Inc., by counsel, respectfully requests that the Court require Mortgage Makers to purchase the Morell Loan for $218,374.41, together with reimbursement of any mortgage broker fee received from SunTrust, payment of accrued interest through and including the date of purchase, and reimbursement for expenses or costs incurred in connection with investigating the Loan and enforcing its purchase, including attorney's fees.

SUNTRUST MORTGAGE, INC.

By_____
Robert L. Perrow (VSB No. 14766)
J.P. McGuire Boyd, Jr. (VSB No. 72753)
Steven P. Gould (VSB No. 80411)
Williams Mullen
P.O. Box 1320
Richmond, Virginia 23218-1320
Telephone: 804.420.6000
Facsimile: 804.420.6507
Email: bperrow@williamsmullen.com
Email: mboyd@williamsmullen.com
Email: sgould@williamsmullen.com
*Counsel for Plaintiff SunTrust Mortgage, Inc.*

15561962_1.DOC