IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SUNTRUST MORTGAGE, INC.,**
a Virginia Corporation,

      Plaintiff,

v.                                CIVIL NO. 3:11cv565

**LCMG, INC., d/b/a MORTGAGE
MAKERS, a South Carolina Corporation,**

      **Defendant.**

## DEFENDANT LCMG, INC., d/b/a MORTGAGE MAKERS' ANSWER

COMES NOW, Defendant LCMG, INC., d/b/a MORTGAGE MAKERS, ("*Mortgage Makers*"), by counsel, and files its Answer and Defenses to Plaintiff, SUNTRUST MORTGAE, INC.'s ("Plaintiff") Complaint ("Complaint"). The paragraphs numbered below correspond to the paragraph numbers contained in Plaintiff's Complaint to the extent possible.

### PARTIES

1. Mortgage Makers admits that SunTrust is a Virginia corporation with its with its principal place of business located in Richmond, Virginia.

2. Mortgage Makers admits that it is a South Carolina Corporation with its principal place of business located in Lexington, South Carolina.

### JURISDICTION AND VENUE

3. Mortgage Makers denies the allegations in paragraph 3 of the Complaint. The value of the controversy in this case is below $75,000.

4. Mortgage Makers admits that the agreement alleged in the Complaint contains a forum selection clause. All other allegations in paragraph 4 of the Complaint are denied.

**FACTUAL BACKGROUND**

5.  Mortgage Makers denies the allegations in paragraph 5 of the Complaint to the extent the Plaintiff alleges that the Defendant was bound or governed by "Suntrust's requirements" to the extent these are not expressly stated in the subject agreement or the "Manual" in effect on the date the alleged third party loan was transacted.

6.  Mortgage Makers admits that the agreement alleged in the Complaint contains the language alleged in paragraph 6 of the Complaint. All other allegations are denied.

7.  Mortgage Makers admits that the agreement alleged in the Complaint contains the language alleged in paragraph 7 of the Complaint. All other allegations are denied.

8.  Mortgage Makers admits that the agreement alleged in the Complaint contains the language alleged in paragraph 8 of the Complaint. All other allegations are denied.

9.  Mortgage Makers admits the allegations contained in paragraph 9 of the Complaint.

10. Mortgage Makers denies that it processed the alleged loan.

11. Mortgage Makers is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore, denies the same.

12. Mortgage Makers is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore, denies the same.

13. Mortgage Makers is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore, denies the same.

14. Mortgage Makers is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore, denies the same.

15. Mortgage Makers is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore, denies the same.

16. Mortgage Makers denies the allegations contained in paragraph 16 of the Complaint.

17. Mortgage Makers denies the allegations contained in paragraph 17 of the Complaint.

18. Mortgage Makers is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore, denies the same.

19. Mortgage Makers admits that it has not repurchased the Morell loan. It is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint, and therefore, denies the same.

20. Mortgage Makers denies the allegations contained in paragraph 17 of the Complaint. The subject note is worth at least the value of its security.

**COUNT I: BREACH OF CONTRACT**

21. Mortgage Makers restates and incorporates its responses to the allegations set forth in paragraphs 1 through 20 above as though fully stated herein.

22. The alleged agreement speaks for itself. Mortgage Makers denies that it is otherwise obligated as alleged in paragraph 22 of the Complaint.

23. Mortgage Makers denies the allegations contained in paragraph 23 of the Complaint.

24. The alleged agreement speaks for itself. Mortgage Makers denies that it is otherwise obligated as alleged in paragraph 24 of the Complaint.

25. Mortgage Makers denies the allegations contained in paragraph 25 of the Complaint.

## COUNT II: BREACH OF CONTRACT (ALTERNATIVE)

26. Mortgage Makers restates and incorporates its responses to the allegations set forth in paragraphs 1 through 25 above as though fully stated herein.

27. Mortgage Makers denies the allegations contained in paragraph 27 of the Complaint.

28. Mortgage Makers denies the allegations contained in paragraph 28 of the Complaint.

29. Mortgage Makers denies the allegations contained in paragraph 29 of the Complaint.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

30. Plaintiff has failed to properly allege a basis for actual damages.

31. The Court lacks jurisdiction. The amount in controversy is certainly less than $75,000.00. Plaintiff does not allege the value of the subject note.

32. Plaintiff has failed to mitigate its damages.

33. Plaintiff has waived its right, if any, to enforce the provisions of its 2005 agreement.

34. The subject claims are outside the period of limitations.

35.     Plaintiff's damages, if any, were not caused by the conduct of Money Makers.

WHEREFORE, Defendant, Mortgage Makers, respectfully requests that this Honorable Court deny the relief requested in the Plaintiff's Complaint, dismiss this action entirely, grant the Defendant, its costs and expenses incurred herein, including reasonable attorney's fees and for such other relief as the court deems just and proper.

       **LCMG, INC., d/b/a MORTGAGE MAKERS, a South Carolina Corporation,**

       _____/s/_____
       Leonard A. Bennett, Esq.
       VSB #37523
       Attorney for Defendant
       CONSUMER LITIGATION ASSOCIATES, P.C.
       763 J. Clyde Morris Boulevard, Suite 1-A
       Newport News, Virginia 23601
       (757) 930-3660 - Telephone
       (757) 930-3662 – Facsimile
       E-mail: lenbennett@cox.net

Dated: November 11, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___11th___ day of November, 2011, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the counsel of record registered to use the CM/ECF system in this action as follows:

Robert Dean Perrow
Attorney for Plaintiff
WILLIAMS MULLEN
200 South 10th Street
16th Floor
Richmond, VA 23219
E-mail: bperrow@williamsmullen.com

John Peyton McGuire Boyd, Jr.
Williams Mullen
200 South 10th Street
16th Floor
Richmond, VA 23219
E-mail: mboyd@williamsmullen.com

Steven Patrick Gould
Williams Mullen
200 South 10th Street
16th Floor
Richmond, VA 23219
E-mail: sgould@williamsmullen.com

                                                /s/
                                     Leonard A. Bennett, Esq.
VSB #37523
Attorney for Defendant
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@cox.net