IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNTRUST MORTGAGE, INC.,
a Virginia Corporation,

      Plaintiff.

v.                                    CIVIL ACTION NO. 3:11cv565-MHL

LCMG, INC., d/b/a MORTGAGE MAKERS,
a South Carolina Corporation

      Defendant.

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR
ENLARGEMENT OF TIME
TO RESPOND TO PLAINTIFF'S DISCOVERY</u>**

COMES NOW the Defendant, by counsel, pursuant to Fed. R. Civ. P. 6(b), and moves the Court for an Enlargement of Time within which to respond to the discovery propounded by Plaintiff due on January 30, 2012, to be due February 23, 2012, with objections due on February 16, 2012.

## Introduction

The Plaintiff SunTrust Bank was forced by Fannie Mae to buy back a foreclosed home mortgage loan it had previously underwritten and then sold to Fannie Mae. (Compl. ¶¶ 10-12). In turn, it now seeks to force the Defendant, a now-defunct and asset-less company, to either buy the loan back or pay as damages the total amount SunTrust was forced to pay Fannie Mae. (Compl. ¶¶ 18-19).

This case is one of dozens brought by SunTrust against mortgage brokers it did business with underwriting home mortgages. LCMG, Inc., was one such broker doing business in South Carolina. LCMG, Inc., was served with this lawsuit on September 16,

1

2011. The case was originally assigned to the Hon. James R. Spencer, who set the matter for an initial pretrial conference to be on January 26, 2012. By consent of the parties, the case was assigned to the Hon. M. Hannah Lauck pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, who held a pretrial conference on February 1, 2012, by phone. A trial date of May 30, 2012, was set and the court's pretrial order was entered, thus superseding all prior pretrial orders. Pursuant to the Court's Scheduling and Pretrial Order, the completion of discovery is set to be April 20, 2012. (Docket #16).

**Argument**

It is within the Court's sound discretion upon a motion for good cause shown to extend the time in which a party has to respond to written discovery when the delay is occasioned by excusable neglect. Fed. R. Civ. P. 6(b)(2)(B). Shortly after the Answer was filed in November of 2011, the parties conferred by telephone consistent with Fed. R. Civ. P. 26(f). The Plaintiff served disclosures and documents shortly thereafter. The Defendant has not yet served its mandatory disclosures, but has assured the Plaintiff the disclosures will be served as soon as it gathers information consistent with the disclosures required under the rule.

On December 30, 2011, the Plaintiff served written discovery on the Defendant. Rules 33 and 34 govern the time within which a party is required to respond to interrogatories and requests for production of documents. On January 30, 2012, the date on which responses to written discovery were due, Defendant requested a three-week enlargement of time in which to object and to respond. Plaintiff offered a two-week extension of time in which to respond, but no extension of time in which to object. It is

for this reason that the Defendant moves the court to enlarge the time in which to respond, including to object, to written discovery.

Because the Defendant is out-of-state, defunct and asset-less, production of documents and information related to a transaction that occurred nearly five years ago is difficult, but not impossible, to obtain. Defendant has gathered the documents it believes exists and is endeavoring to respond to Plaintiff's discovery. The trial is set for the end of May with discovery cut-off more than two-and-a-half months in the future. The objections – if any – and responses, once served, will allow nearly two months of discovery to continue prior to discovery cut-off. The Plaintiff is not foreclosed from any form of discovery and is in no way legally prejudiced by the Defendant's delay in responding to discovery propounded prior to the entry of the governing pretrial order. Fed. R. Civ. P. 6(b)(a motion for the extension of time made after the deadline may be granted where the moving party has shown good cause and excusable neglect).

For these reasons, the Defendant respectfully requests an enlargement of time in which to object and respond to Plaintiff's written discovery.

                                                      Respectfully submitted,

                                                      LCMG, INC., d/b/a
                                                      MORTGAGE MAKERS,

                                                         /s/
                                                    Susan M. Rotkis, VSB # 40693
                                                    Leonard A. Bennett, VSB #37523
                                                    Attorney for Defendant
                                                    CONSUMER LITIGATION
                                                    ASSOCIATES, P.C.
                                                    763 J. Clyde Morris Blvd. Suite 1A
                                                    Newport News, VA 23601
                                                    (757) 930-3660 - Telephone
                                                    (757) 930-3662 – Facsimile
                                                    srotkis@clalegal.com

## *CERTIFICATE OF SERVICE*

      I hereby certify that on this 6th day of February, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert Dean Perrow
Williams Mullen
200 South 10th Street
16th Floor
Richmond, VA 23219
E-mail: bperrow@williamsmullen.com

John Peyton McGuire Boyd, Jr.
William Mullen
200 South 10th Street
16th Floor
Richmond, VA 23219
E-mail: mboyd@williamsmullen.com

Steven Patrick Gould
Williams Mullen
200 South 10th Street
16th Floor
Richmond, VA 23219
E-mail: sgould@williamsmullen.com


                /s/
        Susan M. Rotkis, VSB #40693
        Leonard A. Bennett,
        VSB #37523
        Attorney for Plaintiff
        CONSUMER LITIGATION
        ASSOCIATES, P.C.
        763 J. Clyde Morris Blvd. Suite 1A
        Newport News, Virginia 23601