IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SUNTRUST MORTGAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:11-cv-565 |
| ) | |
| LCMG, INC. ) | |
| ) | |
| Defendant. ) | |

**OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGEMENT**

Plaintiff, SunTrust Mortgage, Inc. ("SunTrust"), by counsel, states as follows for its Opposition to Defendant's Motion for Enlargement:

INTRODUCTION

On February 6, 2012, defendant LCMG, Inc., d/b/a Mortgage Makers ("Mortgage Makers"), filed a Motion for Enlargement (the "Motion") with this Court. Specifically, Mortgage Makers seeks an enlargement of 23 days – until February 23, 2012 – to file its responses to SunTrust's First Set of Interrogatories and Requests for Production (the "First Discovery Requests"), which were due January 31, 2012. Mortgage Makers also seeks an enlargement of 30 days – until February 16, 2012 – to file its objections to SunTrust's First Discovery Requests, which were due January 17, 2012. Counsel for Mortgage Makers first advised counsel for SunTrust of their request for an enlargement of both deadlines on January 31, the date that Mortgage Makers' responses were due.

SunTrust agreed to a two-week enlargement of time with respect to the January 31, 2012, deadline for Mortgage Makers' responses. SunTrust, however, declined to agree to any enlargement of the January 17, 2012, deadline for Mortgage Makers' objections to the First

Discovery Requests because an enlargement of time for objections is not justified under the circumstances.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 6(b)(1) provides the Court with the ability to extend the time within which a party must complete an act. When the time with which a party had to complete an act has already expired, the Court may grant an enlargement upon motion of the party and a showing that that the party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

## ARGUMENT

Under Rule 6(b)(1)(B), Mortgage Makers bears the burden of demonstrating that its failure to respond to SunTrust's First Discovery Requests during the allotted time periods for the serving of objections and the serving of responses was the result of excusable neglect. Mortgage Makers' Motion fails to meet this burden, and its conduct to date in this matter provides further evidence of this missed burden.

A. Chronology

On December 29, 2011, counsel for SunTrust issued its First Discovery Requests. Pursuant to Local Rule 26(c), Mortgage Makers' objections to the First Discovery Requests were due to SunTrust on January 17, 2012, 15 days following service of the Requests. This deadline passed with no word from Mortgage Makers.

On January 31, 2012, the date on which Mortgage Makers' responses to the First Discovery Requests were due, counsel for Mortgage Makers, *for the first time*, informed counsel for SunTrust of their need for an enlargement of three weeks in order to respond to the First Discovery Requests. During the telephonic pretrial conference on the morning of February 1,

counsel for SunTrust advised the Court of the failure of Mortgage Makers to serve discovery responses in a timely manner and asked for consideration in setting the trial date. The Court did set the trial date later than originally planned. Based on the trial date, counsel for SunTrust informed counsel for Mortgage Makers on February 2 that SunTrust would agree to a two-week enlargement with respect to responses to the Requests due on January 31, 2012, but declined to consent to an enlargement with respect to Mortgage Makers' objections to the Requests due on January 17, 2012.

      B.      Lack of Excusable Neglect

Mortgage Makers' Motion is premised upon a showing of excusable neglect under Federal Rule of Civil Procedure 6(b)(2)(B). While counsel for Mortgage Makers explains they had had difficulty in obtaining some documents from their client, this explanation does not carry the burden of showing excusable neglect.[1] More importantly, difficulty in obtaining documents is not a justification for the failure to serve objections. The Motion fails to set forth *any* reason why counsel for Mortgage Makers were unable to file objections, or otherwise seek an enlargement, prior to the January 17, 2012 deadline. Mortgage Makers cannot carry its burden on this issue in reliance on the absence of client documents because such documents are not needed to prepare objections.

The absence of communication in this matter extends well beyond Mortgage Makers' failure to contact counsel for SunTrust in advance of the January 17 deadline. SunTrust is concerned that granting the Motion on the terms requested by Mortgage Makers will encourage similar conduct in the future to the prejudice of SunTrust.

---

[1] Mortgage Makers' reason for an enlargement (i.e., difficulty in obtaining documents from the client) is not supported by any details of the efforts made by counsel for Mortgage Makers to get the documents and when those efforts were initiated.

On November 29, 2011, counsel for SunTrust and Mortgage Makers conferred telephonically to satisfy the requirements of Rule 26(f).  During this conversation, counsel orally agreed to exchange Rule 26(a) initial disclosures and initial productions of documents on December 8, 2011.  While SunTrust complied with this agreement, forwarding its initial disclosures and providing an initial production of documents on December 7, Mortgage Makers has provided no disclosures or documents, nor an explanation for the failure to do so.

Counsel for Mortgage Makers' silence has also extended well beyond this incident.  On multiple occasions, counsel for SunTrust either sought input from counsel for Mortgage Makers or provided additional documents pursuant to the agreement entered into during the Rule 26(f) conference.  On each occasion, SunTrust's efforts have received no response or feedback.

For example, when counsel for SunTrust emailed counsel for Mortgage Makers on December 9, 2011, regarding the provisions of a protective order in this matter, SunTrust received no response.  When counsel for SunTrust emailed counsel for Mortgage Makers on December 13, 2011, to share a draft discovery plan, SunTrust received no response.  When counsel for SunTrust provided a first supplement production of documents on December 22, 2011, SunTrust received no response.

In fact, prior to the original pre-trial conference scheduled with Judge Spencer on January 26, 2012, Mortgage Makers' only communication with SunTrust occurred on January 4, when a member of the staff for Mortgage Makers' counsel contacted counsel for SunTrust to seek assistance with viewing documents from the first supplemental production.

Mortgage Makers has now been in possession of various documents provided by SunTrust for up to 2 months and, if the Motion is granted, will have SunTrust's documents for almost 3 months without SunTrust having the benefit of any discovery.  As a result, Mortgage

Makers has been and will continue to be afforded a lengthy period in which to prepare its defense in this matter – based on the documents already provided by SunTrust – without providing any corresponding production of documents or information to SunTrust.

With its Motion, Mortgage Makers seeks a blanket enlargement without demonstrating the requisite excusable neglect <u>or</u> a history of good-faith, responsive communication in this matter. Such a benefit is not merited and would encourage continued dilatory conduct with respect to discovery in this case.

WHEREFORE, Plaintiff, SunTrust Mortgage, Inc. respectfully requests that this Court enter an Order requiring the Defendant, LCMG, Inc., to file its responses to Plaintiff's First Discovery Requests on or before February 14, 2012, and denying the Motion in all other respects, including the request for an enlargement of time for filing objections.

Respectfully submitted,

SUNTRUST MORTGAGE, INC.

By: */s/ Steven P. Gould*
Robert D. Perrow (VSB No. 14766)
J.P. McGuire Boyd, Jr. (VSB No. 72753)
Steven P. Gould (VSB No. 80411)
Williams Mullen
P.O. Box 1320
Richmond, Virginia 23218-1320
Telephone: 804.420.6000; Facsimile: 804.420.6507
Email: bperrow@williamsmullen.com
Email: mboyd@williamsmullen.com
Email: sgould@williamsmullen.com
*Counsel for Plaintiff SunTrust Mortgage, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2012, I filed a copy of the foregoing Opposition to Defendant's Motion for Enlargement with the Clerk of Court using the CM/ECF system and caused a true copy of the filing to be sent to the following:

> Susan M. Rotkis, Esq.
> Leonard A. Bennett, Esq.
> Consumer Litigation Associates, P.C.
> 763 J. Clyde Morris Blvd., Suite 1A
> Newport News, VA 23601
> *Counsel for Defendant*

> /s/ Steven P. Gould
> Steven P. Gould

17097611_1.DOC