IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

SUNTRUST MORTGAGE, INC.,

    Plaintiff,

v.                                                      Civil Action No. 3:11cv565

LCMG, Inc., d/b/a MORTGAGE MAKERS,

    Defendant.

## MEMORANDUM OPINION

Before the Court is Defendant LCMG, Inc.'s ("LCMG") Motion for an Enlargement of Time to Respond to Plaintiff's Discovery. (Docket No. 17.) Plaintiff SunTrust Mortgage, Inc. ("SunTrust") has filed a response in opposition to LCMG's motion. (Docket No. 19.) Neither party sought a hearing, and the Court has determined that oral argument would not aid the decisional process. For the reasons that follow, the Court will GRANT IN PART and DENY IN PART LCMG's motion.

### I. Factual and Procedural History

On August 25, 2011, SunTrust filed a Complaint alleging that LCMG breached its contractual obligations contained in a Mortgage Broker Agreement as to one individual loan brokered by LCMG to SunTrust, resulting in $218,374.41 in damages. In its Answer, LCMG denies that it processed the loan at issue and raises various affirmative defenses.

On December 30, 2011,[1] SunTrust served written discovery, in the form of interrogatories and requests for production of documents, on LCMG. LCMG's objections to the discovery requests were due on January 17, 2012 and responses were due on January 30, 2012. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A); E.D. Va. Loc. Civ. R. 26(C).

On January 30, 2012, LCMG contacted SunTrust and requested a three-week enlargement of time in which to object and respond to the discovery requests. While SunTrust agreed to a two-week enlargement of time for LCMG's responses, the parties could not reach an agreement as to any enlargement of time for objections.

On February 6, 2012, LCMG filed a Motion For Enlargement of Time to Respond to Plaintiff's Discovery, seeking an enlargement of time in which to object and respond to SunTrust's discovery requests. Specifically, LCMG's motion requests that objections now be due on February 16, 2012 and responses due on February 23, 2012. LCMG explains the reason for its request by stating, "Because [LCMG] is out-of-state, defunct and asset-less, production of documents and information related to a transaction that occurred nearly five years ago is difficult, but not impossible, to obtain." (Def.'s Mem. Supp. Mot. Enlargement Time 3.) SunTrust opposes the request for an enlargement of time.

---

[1] According to LCMG's brief, SunTrust served the discovery requests at issue on December 30, 2011. However, SunTrust's brief states that it served the discovery requests on December 29, 2011. Regardless of whether the requests were served on December 29th or December 30th, the resulting due date for responses would be the same.

2

## II. Analysis

Pursuant to Federal Rule of Civil Procedure 6:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1).

The Court analyzes LCMG's request to enlarge the time for responses under Rule 6(b)(1)(A). Although LCMG filed its motion on February 6, 2012, seven days after the original due date for its responses, it appears that LCMG and SunTrust agreed to a two-week extension of time in which to respond, extending the due date for responses to February 13, 2012. LCMG filed its motion before this agreed-upon extension of time expired. LCMG requests an additional enlargement of time until February 23, 2012 to file responses due to difficulties in obtaining documents and information related to the 2007 loan at issue. This request only requires a ten-day extension from that originally agreed upon by the parties. For good cause shown, the Court will GRANT LCMG an enlargement of time until March 1, 2012 in which to file responses.

The Court analyzes LCMG's request to enlarge the time for objections under Rule 6(b)(1)(B). LCMG filed its motion almost three weeks after the deadline for objections, and the parties did not agree to an extension of time for objections. Because LCMG fails to provide any reason for its failure to timely object to SunTrust's discovery requests and offers no specific objections to date, the Court cannot make a finding of excusable neglect. Thus, the Court will DENY LCMG an enlargement of time in which to file objections.

## III. Conclusion

For the foregoing reasons, the Court will GRANT IN PART and DENY IN PART LCMG's Motion for an Enlargement of Time to Respond to Plaintiff's Discovery. (Docket No. 17.) Accordingly, the Court will GRANT LCMG an extension of time until March 1, 2012 in which to respond to the discovery requests at issue, but will DENY LCMG an extension of time to object to the discovery requests.

An appropriate Order will issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 2-24-12