IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNTRUST MORTGAGE, INC.,
a Virginia Corporation

    Plaintiff,

v.                                CIVIL ACTION NO. 3:11cv565

LCMG, INC., d/b/a MORTGAGE MAKERS,
a South Carolina Corporation

    Defendant.

## DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF SUNTRUST MORTGAGE

Pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Virginia, the Defendant, LCMG, INC., by counsel, propounds the following Interrogatories to SUNTRUST MORTGAGE (hereafter "*SUNTRUST*"), to be answered under oath within the time prescribed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Virginia:

### I. DEFINITIONS

As used in these Interrogatories, the words and terms set forth below are defined as follows:

A. "Describe", "specify", "explain" and/or "state" shall mean to set forth fully and unambiguously, using technical terms or words of art, if necessary, each and every fact relevant to the answer called for by the Interrogatory of which the Defendant or its agents, employees or representatives have knowledge.

1



B. **"Person"** shall mean any and all: natural persons; business associates; corporations; partnerships; limited partnerships; joint ventures; estates; trusts; banks savings associations; governmental agencies, departments, commissions, boards or committees.

C. **"Agreement"** means any common understanding reached by two or more people or entities, whether written or oral, formal or informal.

D. **"You"** or **"your"** means the party separately answering these Interrogatories, together with its wholly or partly owned subsidiaries, and its affiliates or parent companies, and each and every other legal entity within its direct or indirect control or in which it holds any equity or other interests, as well as its merged or acquired predecessors in interest (if any), its present and former officers, directors, employees, agents, representatives, and any other persons or corporations acting in a consulting or advisory capacity or acting or purporting to act on behalf of any of the foregoing. **"You"** includes your company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. You may also be referenced herein simply as **"defendant."**

E. Whenever relevant, words in singular shall include the plural thereof. Whenever relevant, use of the words "his", "him" or "he" shall include her, hers, and she.

F. **"Document(s)"** means any written, printed, typed or other graphic material of any kind or nature, and all mechanical, electronic or sound recordings in the Defendant's possession or control, or known by it to exist. It shall also mean all drafts or non-identical copies of documents by whatever means made. **"Document(s)"** shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters,

diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The term **"documents"** shall also mean and include every other recording of, or means of recording, on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

For each "**document**" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)    the author or sender of the document;

    (c)    the recipient of the document;

    (d)    the date the document was authored, sent, and/or received; and

(e) the reason such document is allegedly privileged.

G. **"Communicate"** or **"communication"** means every manner or means of disclosure or transfer or exchange of information of any kind whether oral or by document or whether face-to-face, by telephone, mail, personal or any other means of delivery.

H. (i) **"Identify"** or **"identity"** when used with respect to a natural person means to state his full name, present or last known address, present or last known position or business affiliation, all positions or business affiliations during the time period of these Interrogatories, and a general description of the business in which he is or was engaged in each such position.

(ii) **"Identify"** or **"Identity"** when used with respect to any other entity means to state its full name, the address of its principal place of business and the name of its officers.

(iii) **"Identify"** or **"Identity"** when used with respect to a document means to state the name and title of the document, the type of document (e.g., letter, memorandum, telegram, chart, etc.), its date, the person who wrote it, the person who signed it, the person to whom it was addressed, the person to whom it was sent, its present location, and its present custodian. If any such document was, but is no longer in the Defendant's possession or subject to its control, state what disposition was made of it and explain the circumstances surrounding, and the authorization for, such disposition, and state the date or approximate date thereof. Documents prepared prior to the period covered by these Interrogatories but which relate or refer thereto are to be included.

(iv) **"Identify"** or **"identity"** when used with respect to any non-written communication means to state the identity of the natural person making and receiving the communication, their respective principals or employers at the time of the communication, the date, manner and place of the communication, and the substance of the communication.

4

(v) **"Identify"** or **"identity"** when used with respect to a meeting means to state the nature of the meeting (formal gathering, conversation, telephone call, etc.) to identify all persons participating, to provide the date, duration, location(s) and to state the substance of the discussion.

I. The words, "and" and "or" shall each include "and/or".

J. The word **"file"**, unless otherwise noted, means the account which you have associated with the plaintiff and all records or documents related to such account

K. The word **"complaint"**, unless otherwise noted, means the original and any amended complaint served by the plaintiff in this action.

L. The word **"defendant"** means LCMG, Inc. doing business as Mortgage Makers.

M. The words **"personal identifiers"** means a person's name or social security number or other unique data, which identifies or is associated with a particular "person."

N. **"Audit Trail"** means a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the consumer report or profile as maintained in recorded form, in the broadest sense, by "you." The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken. The term **"audit trail"** also includes the definition provided for the phrase in the FederBush, Federal Trade Commission and Formal Staff Opinion Letter, March 10, 1983.

O. **"Data"** means the physical symbols in the broadest sense, that represent information, regardless of whether the information is oral, written or otherwise recorded.

P. **"Data field"** means any single or group of character(s), number(s), symbol(s) or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information. **"Data field"** includes all types of data whether maintained in integer, real, character or boolean format.

Q. **"Database"** or **"databank"** means any grouping or collection of data field(s) maintained, in any format or order, in any permanent or temporary recorded form.

R. **"Hardware"** means the physical components of a computer or any device capable of maintaining recorded data.

S. **"Software"** means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

T. **"Computer"** means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or at some other location. The term **"computer"** includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and includes any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

U. **"Format"** means the general makeup or general plan of organization or arrangement of data.

V. **"Property"** means 109 Chasan Hill Court, Lexington S.C. 29073.

W. **"Loan"** means the mortgage loan originated by LCMG and underwritten by SunTrust Mortgage that is the subject of the lawsuit.

X. **"Note"** means the contract obligating the borrower to pay the loan.

## II. INSTRUCTIONS

A. The information requested is for all information known to the plaintiff, its officers, directors, employees, agents and personnel available at the time of answering, including information in the possession of its agents.

B. To the extent any information called for by these Interrogatories is unknown, so state, and set forth such remaining information as is known. If any estimate or general description can reasonably be made in place of unknown information, set forth the best estimate or general description, clearly designating the answer as such, in place of unknown information and the basis upon which the estimate or general description is made.

To the extent any Interrogatory is objected to, set forth all reasons therefore. If any claim of privilege is asserted as a ground for not answering any Interrogatory, whether in whole or in part, describe the factual basis for such claim in sufficient detail so as to permit the court to adjudicate the validity of the claim.

C. These Interrogatories shall be deemed continuing, so as to require additional answers if further information is obtained between the time answers are served and the time of trial. Such additional answers shall be served from time to time, but not later than thirty (30) days after such additional information is received.

8

## III. INTERROGATORIES

1. For each allegation of the Complaint, list discretely and separately the factual basis to support each allegation:

(a) SunTrust is a Virginia corporation with its principal place of business in Richmond, Virginia;

(b) Mortgage Makers is a South Carolina Corporation with its principal place of business in Lexington, S.C.;

(c) The amount in controversy exceeds $75,000.00 exclusive of interest and costs;

(d) Exhibit 1 is a true and accurate copy of an enforceable Mortgage Broker agreement entered by the parties;

(e) Mortgage Makers processed, originated and brokered the Morell Loan to SunTrust;

(f) SunTrust subsequently sold the loan to Federal National Mortgage Association ("Fannie Mae");

(g) SunTrust's investigation of the loan revealed that Morell made false statements on his loan application;

(h) Morell did not earn a monthly income of $11,206.00 disclosed on the loan application;

(i) All actions SunTrust took to support its statement that it "investigated the Morell loan";

(j) All actions SunTrust took to support its statement that it "its investigation indicated that Morell was obligated on a $52,514.00 automobile loan entered into in March 2007"; the date such loan was obtained; and how evidence pertaining to the loan was obtained;

(k) SunTrust's losses associated with the repurchase of the Morell Loan;

(l) On or about April 20, 2010, SunTrust repurchased the Morell Loan for $218,004.90;

(m) SunTrust has incurred losses totaling $218,374.41;

9

(n) SunTrust's review of the Morell Loan revealed that Mortgage Makers had breached its obligations under the Agreement by originating, processing and brokering to SunTrust a Loan that contained inaccurate, fraudulent or misleading information;

(o) the facts obligating Mortgage Makers for SunTrust's losses for breach of presentation warranty;

(p) Information that was materially inaccurate, incomplete, false or misleading, that was known by Mortgage Makers at the time the loan was presented to SunTrust;

(q) all facts related to the Events of Default;

(r) all costs and expenses related to SunTrust's investigation, enforcement and purchase of the Loan, including attorney's fees.

**ANSWER:**


2. List every person who has any knowledge that supports each allegation of the Complaint. For each person listed, provide all documents, including all communications, related to such knowledge. For each communication or document, provide the date and substance of the document. For communications, provide the parties to whom and from whom the communication was made. Provide the facts contained in each document or communication that supports each allegation.

**ANSWER:**


3. List every person who has provided any evaluation or opinion regarding the value of the property from the date of origination through the present. For each person listed, provide all communications or documents relating to that evaluation or opinion, provide the date on

10

which it was created and the substance contained therein; provide the names of each person to whom and from whom any communication was made or document was created. Provide the facts contained in each document or communication that supports each allegation.

**ANSWER:**

4. List all persons and documents that pertain to any attempt by you or your agents to obtain payment on the note or otherwise to enforce your security interest.

**ANSWER:**

5. With regard to any investigation performed by anyone that resulted in information relied on by you:

- identify all persons who conducted or participated in the investigation, including their names, employers, work and home addresses (unless counsel will accept service of process), and methods and rates of pay;

- identify the date of the investigation and all written and non-written communications pertaining to the investigation;

- describe all procedures you used in conducting the investigation; and identify all steps you took with respect to the Plaintiff's file following the investigation.

**ANSWER:**

6. List the name and contact information for each person who was involved with instituting a foreclosure sale and the decision to stop a foreclosure sale of the property, including the persons responsible for conducting such foreclosure sale.

11

**ANSWER:**

7. List each and every loan underwritten by SunTrust Mortgage and subsequently sold to Fannie Mae, which Fannie Mae has demanded that SunTrust Mortgage repurchase.

**ANSWER:**

8. List each and every loan underwritten by SunTrust Mortgage's underwriter Elizabeth Elliott, indicating which, if any, (a) were sold to Fannie Mae; (2) were defaulted; (3) SunTrust was forced to repurchase by Fannie Mae.

**ANSWER:**

9. Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in plaintiff's complaint, defendant's answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit, or any defense or allegation raised in this lawsuit. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain and describe the nature of each such statement by the person so identified. Please identify the lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial testimony, or report was made, taken, or occurred.

**ANSWER:**

10. Describe in full detail every action you took in investigating or verifying the conclusions asserted by AIG, Fannie Mae, John Ciobhan, Colvin Hayes, or any other person or entity that rendered any opinion or conclusion about the loan.

ANSWER:

11. Identify all documents prepared by or on behalf of you used in connection with the training, instruction, supervision, or evaluation of any of your employees or of any third party paid by you who is identified in your responses to these Interrogatories.

ANSWER:

12. List and identify every lawsuit in which you have sued a mortgage broke mortgage company or similar entity based on the same or similar allegations for which you have sued LCMG in this case.

ANSWER:

13. List, describe, and identify every document, internal memorandum, e-mail, or other electronic communications system or method containing information regarding any other lawsuit that you have filed similar in nature to this case.

ANSWER:

14. State the job titles and the number of years that all employees involved with the loan at issue in this case have been employed by you, describe all training that you have provided to them regarding the investigation of consumer disputes and identify all manuals, documents, videotapes, or other materials which were provided to them in conjunction with said training.

ANSWER:

Respectfully submitted,

LCMG, INC., d/b/a Mortgage Makers,

By: _____
        *Of Counsel*

Leonard A. Bennett, Esq.
VSB #37523
Susan M. Rotkis
VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:lenbennett@clalegal.com

*Counsel for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on or about 28 February 2012, a true and correct copy of the foregoing was forwarded by first class mail to the following counsel of record:

Robert Dean Perrow
Williams Mullen (Richmond)
200 South 10th Street
16th Floor
Richmond, VA 23219
(804) 420-6481
Fax: (804) 420-6507
Email: bperrow@williamsmullen.com

John Peyton McGuire Boyd, Jr.
Williams Mullen (Richmond)
200 South 10th Street
16th Floor
Richmond, VA 23219
804-783-6927
Fax: 804-783-6507
Email: mboyd@williamsmullen.com

Steven Patrick Gould
Williams Mullen (Richmond)
200 South 10th Street
16th Floor
Richmond, VA 23219
(804) 420-6606
Fax: (804) 420-6507
Email: sgould@williamsmullen.com

_____
*Of Counsel*